**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALLY SHIN, | | Civil Action No. |
| | Plaintiff, | |
| vs. | | |
| HIOSSEN INC., | | **DEFENDANTS' NOTICE OF REMOVAL** |
| | Defendant. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

Please take notice that Defendant Hiossen Inc.("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, removes this case from the Montgomery County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania. Removal is proper based on the following grounds:

**FACTUAL BACKGROUND**

1.    On July 3, 2024, Plaintiff Ally Shin initiated a lawsuit via summons in the Montgomery County Court of Common Pleas entitled as follows: *Ally Shin v. Hiossen Inc.,* Case No. 2024-016849 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446, a true and correct copy of the Writ and Summons, as well as the Praecipe to Issue Writ of Summons, is attached hereto as Exhibit A. A true and correct copy of the Praecipe to Reissue Writ of Summons is attached as Exhibit B.

2.    The Montgomery County Sheriff's Office served Defendant with the Summons on August 7, 2024. A true and correct copy of the Order for Service dated August 8, 2024 is attached hereto as Exhibit C.

3.      On October 7, 2024 the Montgomery County Court entered a case management Order.  Pursuant to 28 U.S.C. § 1446, a true and correct copy of the October 7, 2024 case management Order is attached hereto as Exhibit D.

4.      On November 13, 2024, Plaintiff filed her Complaint, which alleged claims of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. ("Title VII Claim") and the Pennsylvania Human Rights Act ("PHRA Claim").  Pursuant to 28 U.S.C. §1446, a true and correct copy of Plaintiff's Complaint is attached as Exhibit E.

5.      On November 14, 2024 Plaintiff's counsel emailed a copy of the Complaint to counsel for Defendant.  *See*  a true and correct copy of counsel's email dated November 14, 2024, attached as Exhibit F.

6.      This Notice of Removal is timely and proper as Plaintiff's Complaint was the first pleading from which it could be ascertained that the State Court Action was removable. *See* 28 U.S.C. §1446(b)(1).  *See Sikirica v. Nationwide Ins. Co.,*  416 F. 3d 214, 223 (3d Cir. 2005); *Gervel v. L&J Talent,* 805 F. Supp. 308 (E.D. Pa. 1992).

## **JURISDICTION**

7.      28 U.S.C. §1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8.      The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over this action under 28 U.S.C. §1331 by virtue of Plaintiff's Title VII Claim as stated in Plaintiff's Complaint and this matter may be removed to this Court pursuant to 28 U.S.C. §1441(a) without regard to the citizenship or residence of the parties.

9. Pursuant to 28 U.S.C. §1367(a) this Court also has supplemental jurisdiction over Plaintiff's PHRA Claim which is based on the same alleged conduct and is, therefore, "part of the same case or controversy" as the claims within the original jurisdiction of this Court.

10. Accordingly, this action is one which may be removed to this Court under the provisions of 28 U.S.C. §1441 et seq.

11. Federal jurisdiction is appropriate and this action is removed pursuant to 28 U.S.C. §1441(a), 28 U.S.C. §1331, and 28 U.S.C. §1367.

12. This Notice of Removal is being timely filed within thirty (30) days of the date on which Defendant received a copy of the Complaint, the initial pleading that set forth the basis that establishes this Court's original jurisdiction and makes this civil action removable as prescribed by 28 U.S.C. §1446(b).

13. Defendant has not filed an answer or responsive pleading nor made any appearance in the State Court Action.

14. No other defendants have been named in the State Court Action.

15. In accordance with 28 U.S.C. §1446(a), copies of the docket entries in the State Court Action as well as all documents are attached to this Notice of Removal as follows:

   a. Praecipe to Issue Writ of Summons (Exhibit A)

   b. Praecipe to Reissue Writ of Summons (Exhibit B)

   c. Order for Service dated August 8, 2024 (Exhibit C)

   d. Case Management Order dated October 7, 2024 (Exhibit D)

   e. Plaintiff's Complaint dated November 13, 2024 (Exhibit E)

   f. Acceptance of Service of the Complaint on behalf of Defendant dated December 5, 2024 (Exhibit G)

g.  Copy of the Docket in the State Court Action (Exhibit H)

16.    True and correct copies of this Notice of Removal with accompanying exhibits and the Notice of Filing of Notice of Removal in the State Court Action, a true and correct copy of which is attached hereto as Exhibit I, will be served upon Plaintiff's counsel and filed with the Prothonotary of the Court of Common Pleas of Montgomery County, Pennsylvania, in accordance with the provisions of 28 U.S.C. §1446(d).  Therefore, Defendant has satisfied all procedural requirements for removal.

17.    In filing this Notice of Removal, Defendant does not waive any of the available claims and defenses in this action and without conceding that Plaintiff has alleged claims upon which relief may be granted.

18.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

19.    The allegations of this Notice are true and correct.  This case is within the jurisdiction of this Court and thus the State Court Action is properly removable.

20.    If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

## **VENUE**

21.    The Eastern District of Pennsylvania encompasses the venue of the State Court Action.

22.    Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1441(a).

WHEREFORE, Defendant Hiossen Inc. respectfully requests that the State Court Action, docketed in the Montgomery County Court of Common Pleas as Case No. 2024-16849, be

removed to the United States District Court for the Eastern District of Pennsylvania for all purposes

and that all further proceedings in the Montgomery County Court of Common Pleas be

discontinued.

**NELSON MULLINS RILEY
& SCARBOROUGH LLP**


By    */s/ Elyse Cohen*
    Elyse N. Cohen, Esq.
    1000 Westlakes Drive, Suite 275
    Berwyn, PA 19312
    Tel: (610) 943-5354
    Fax: (484) 234-2035
    Elyse.Cohen@nelsonmullins.com
    *Attorneys for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on December 13, 2024.  I also certify that the foregoing document is being served this day on the following counsel of record by Email:

Brian C. Farrell, Esq.
The Gold Law Firm P.C.
1835 Market Street
Suite 515
Philadelphia, PA 19103
bfarrell@discrimlaw.net
*Attorneys for Plaintiff*

*/s/ Elyse Cohen*
**ELYSE N. COHEN, ESQ.**
